IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARMIN WAND, III,

                Plaintiff,                OPINION AND ORDER

v.

                                                  14-cv-539-wmc

D. FLANNERY and JERRY SWEENEY,

                Defendants.

---

      Plaintiff Armin Wand III brings this proposed civil action under 42 U.S.C. § 1983 against two prison officials employed by the Wisconsin Department of Corrections at the Wisconsin Secure Program Facility in Boscobel, where he is confined. In particular, Wand alleges that Officer D. Flannery and Security Director Jerry Sweeney retaliated against him because he filed an inmate grievance. Wand is acting *pro se* and the court has already granted him leave to proceed *in forma pauperis*. Because Wand is incarcerated, the court is also required by the Prison Litigation Reform Act to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A.

      In addressing any *pro se* litigant's pleadings, the court must construe the allegations generously, and hold the complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, the court must deny plaintiff leave to proceed further and dismiss this case for reasons set forth briefly below.

ALLEGATIONS OF FACT

On March 11, 2014, Wand filed a grievance with the Inmate Complaint Review System ("ICRS") about an officer calling him a "Big Dummy" and asking him how many "m's" were in the words "Big Dummy." Two days later, the Inmate Complaint Examiner ("ICE") acknowledged receiving Wand's grievance, numbered the complaint "WSPF-2014-5175," and notified him that he needed to submit a statement to a security supervisor in order for his complaint to be investigated. That same day, Wand provided a written statement to the ICE, who then gave the written statement to defendant Flannery for investigation.

On March 18, the ICE recommended that Wand's grievance be dismissed. Two days later, the warden affirmed that recommendation. Thereafter, on April 17, Flannery issued Wand an adult conduct report (#2417902), charging him with violating prison rules (DOC 303.271) by "lying about staff." The conduct report was based on Wand's grievance against the officer who called him a "Big Dummy."

At a disciplinary hearing on May 1, Wand was found guilty of lying about staff as alleged in the conduct report. As punishment, Wand lost recreation privileges for 30 days. Upon receiving the written disposition on May 5, however, Wand learned that the hearing officer had dismissed the conduct report after further investigation, determining that the charge was "unsubstantiated."

Wand notes that he lost four days of recreational privileges as a result of the invalidated conduct report, which was placed in his disciplinary file as a warning. By authorizing the conduct report to proceed as a major offense, Wand claims that Security Director Sweeney conspired with Flannery to retaliate against Wand for filing a grievance.

Wand seeks punitive damages in the amount of $1,500 and asks that the conduct report be "expunged" from his prison disciplinary record.

OPINION

Wand seeks relief for civil rights violations pursuant to 42 U.S.C. § 1983. To establish liability under § 1983, a plaintiff must establish that (1) he had a constitutionally protected right; (2) he was deprived of that right in violation of the Constitution; (3) the defendant intentionally caused that deprivation; and (4) the defendant acted under color of state law. *Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009); *Schertz v. Waupaca County*, 875 F.2d 578, 581 (7th Cir. 1989). Wand's complaint alleges that defendants Flannery and Sweeney retaliated against him in violation of the First Amendment for exercising his right to petition the government for redress of grievances.

To state a retaliation claim in this context, a prisoner must allege facts showing that: (1) he was engaged in a constitutionally protected activity; (2) he suffered a deprivation that would likely deter a person from engaging in the protected activity in the future; and (3) the protected activity was a motivating factor in defendants' decision to take retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)). Wand does not meet the first of these required elements.

A prisoner has a First Amendment right to file grievances about the conditions of his confinement. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Powers v. Snyder*, 484 F.3d 929, 933 (7th Cir. 2007); *Babcock v. White*, 102 F.3d 267, 276 (7th Cir. 1996). Nevertheless, "a prisoner must exercise that right 'in a manner consistent with his status as a prisoner.'" *Watkins v. Kasper,* 599 F.3d 791, 798 (7th Cir. 2010) (quoting *Freeman v. Texas Dep't of*

*Criminal Justice*, 369 F.3d 854, 864 (5th Cir. 2004)).  Only non-frivolous grievances are protected by the First Amendment.  *Hasan v. U.S. Dep't of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005); *see also Gillis v. Pollard*, No. 13-2924 (7th Cir. Jan. 30, 2014) (unpublished) (citing *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)).

Wand, who filed a grievance against an officer for name-calling or making a derogatory remark, does not allege facts showing that his original grievance was of a non-frivolous variety.  Indeed, as ridiculous, juvenile and sad as the officer's alleged initial comments was, the court would be hard pressed to even attempt to articulate why filing grievances over it is not even more so.  However far the court might bend to protect the First Amendment right of inmates to file a grievance for verbal abuse by a guard -- and this court would so far -- it is not prepared to find that filing a grievance over being called a "Big Dummy" even followed by a question about how many "m's" are involved, is protected conduct.  On the contrary, such grievances vindicating only serves to clog up the court's finite ability to address grievances worthy of First Amendment protection.  In fairness, however, defendants come out looking even worse, having apparently started this school yard tiff with an embarrassing lack of professionalism, only to compound it by formally charging *and* then actually disciplining him with lying about staff, before an unnamed, mature decisionmaker finally put a stop to all the nonsense.

Just because Wand allegedly lost four days of recreational privileges because of defendants' childishness, his grievance does not rise to a federal case, any more than does the defendants bringing a frivolous conduct report and disciplining Wand convert this dispute into a federal case.

4

Since Wand has not shown that he was retaliated against for engaging in a constitutionally protected activity, the court will deny him leave to proceed with a retaliation claim and will dismiss this case as legally frivolous.

ORDER

IT IS ORDERED that:

1. Plaintiff Armin Wand III's request for leave to proceed is DENIED and his complaint is DISMISSED with prejudice as legally frivolous.

2. The dismissal will count as a STRIKE for purposes of 28 U.S.C. § 1915(g). (barring a prisoner with three or more "strikes" or dismissals for a filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical injury).

Entered this 22nd day of June, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge